IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FLORENCE DOUGLAS,

    Plaintiff,                                     No. CIV S-06-0422 LKK GGH PS

    vs.

CALIFORNIA DEPARTMENT                 FINDINGS AND RECOMMENDATIONS
OF CORRECTIONS et al.,

    Defendants.

_____/

        Plaintiff, proceeding in pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This matter was referred to this court pursuant to E. D. Cal. L. R. 72-302(c)(21).

        Plaintiff has submitted an incomplete affidavit in support of her application to proceed in forma pauperis.  She did not fully answer Questions 2 and 3.  In response to Question 2, plaintiff states she is currently employed with a take-home salary of $1500.00, but does not identify an applicable pay period (e.g., is this a monthly salary?).  In response to Question 3, plaintiff states that in the past twelve months she has received money from "business, profession or other self-employment," but then fails to "describe each source of money and state the amount received and what you expect you will continue to receive."  While plaintiff's responses to

Questions 2 and 3 may reflect the same source of income, she needed to so state or explain otherwise.

Plaintiff's incomplete application fails fully to inform the court whether plaintiff is unable to prepay fees and costs or give security for them, and therefore fails to meet the requirements of 28 U.S.C. § 1915(a).

Accordingly, plaintiff's application should be denied. Moreover, due to the untenable basis of her complaint, the denial of plaintiff's application to proceed in forma pauperis in this proceeding should be denied with prejudice.

Title 28 U.S.C. § 1915(e)(2) directs the court to dismiss a case at any time if the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. Additional grounds for dismissing a proposed complaint are improper form (Fed. R. Civ. P. 10(b)); lack of subject matter jurisdiction (Rule 12(b)(1)); and failure to state a claim upon which relief may be granted (Rule 12(b)(6)). The complaint must also comply with general rules of pleading, as set forth in Fed. R. Civ. P. 8(a), requiring clear statements of (1) the court's jurisdiction, (2) claims showing entitlement to relief, and (3) demand for relief.

The complaint is in improper form. Plaintiff has filed two separate documents purporting to comprise one complaint, asking the court to "add" the second document to her "first filing of this complaint."

More significantly, the complaint neither demonstrates this court's jurisdiction nor states a claim on which relief may be granted. Plaintiff asserts that while employed at the California Department of Corrections in March 2005, she misplaced her state identification card and was admitted to work pursuant to established protocol requiring, inter alia, the temporary forfeiture of her vehicle keys. The keys were apparently misplaced and have not yet been returned to plaintiff. The initial document concludes that plaintiff "still ha[s] not gotten any resolution from this matter," alleges the action is one in tort (specifically, "personal

injury/product liability"), and asserts federal subject matter jurisdiction based upon a federal question.

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). Plaintiff has failed to meet this burden. A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively, while statutes regulating specific subject matter may also confer federal jurisdiction. See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5.

These facts demonstrate no reasonable possibility that plaintiff can file a cognizable complaint demonstrating this court's subject matter jurisdiction or a claim on which relief can be granted. Accordingly, the complaint should be dismissed with prejudice. As a result, plaintiff's application to proceed in forma pauperis should also be denied without prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's complaint and application to proceed in forma pauperis be dismissed without prejudice.

These findings and recommendations are submitted to the Honorable Lawrence K. Karlton, the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(l). Written objections may be filed within ten days after being served with these findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The failure to file objections within the specified time may

\\\\\

1 waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/25/06                    /s/ Gregory G. Hollows

                                   _____
                                   GREGORY G. HOLLOWS
                                   U. S. MAGISTRATE JUDGE

GGH5: Douglas0422.ifp